# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>  vs.<br>ROBERT COTA, JR. (10),<br><br>                    Defendant. | CASE NO. 11CR4153WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to suppress statements filed by Defendant Robert Cota, Jr. (ECF No. 137-2).

## FACTUAL BACKGROUND

On September 15, 2011, a federal grand jury in the Southern District of California returned an indictment charging the Defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On September 22, 2011 at approximately 6 a.m., Defendant was arrested pursuant to an arrest warrant. At approximately 7:15 a.m., Defendant was interviewed by Special Agents of the Department of Homeland Security, Immigration and Customs Enforcement. After obtaining the Defendant's biographical information, the agent read the Defendant his *Miranda* rights and handed the Defendant a pre-printed *Miranda* waiver form. Defendant told the agent that he could not read. The agent took the form back and read the form to the Defendant. Defendant told the agent that he understood his rights and was willing to be interviewed. At

approximately 8:25 a.m., Defendant signed a written *Miranda* waiver form. (ECF No. 168-1). Defendant's statement was videotaped. Due to technical malfunction, no audio was captured on the recording. The video shows the entire interview including, the positioning of the agents and the Defendant, the Defendant signing the *Miranda* waiver form, and the conduct of the agents and the Defendant throughout the interview.

## CONTENTIONS OF THE PARTIES

Defendant contends that the Government must satisfy its burden to demonstrate that sufficient *Miranda* warnings were given, and that he knowingly and intelligently waived his rights. Defendant asserts that his statements were not voluntary. Defendant asserts that the Court should conduct an evidentiary hearing to determine whether his statements should be admitted into evidence.

The Government contends that Defendant made a knowing and voluntary waiver of his *Miranda* rights and that his post-arrest statements were otherwise voluntary. The Government asserts that the Court should deny the Defendant's motion to suppress without an evidentiary hearing on the grounds that the Defendant has not alleged any facts that would support suppression of his statements.

## APPLICABLE LAW

In order for inculpatory statements made by a defendant during custodial interrogation to be admissible in evidence, the defendant's "waiver of Miranda rights must be voluntary, knowing, and intelligent." *United States v. Binder,* 769 F.2d 595, 599 (9th Cir. 1985). In order to be knowing and intelligent, "the waiver must have been made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burdine*, 475 U.S. 412, 421 (1986). There is a presumption against waiver. *North Carolina v. Butler*, 441 U.S. 369, 374-75 (1979). The Government bears the burden of establishing the existence of a valid waiver of *Miranda* rights. *Id*. The validity of a waiver depends upon the particular facts and circumstances of the case, including the background, experience and conduct of the defendant. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). "Several factors to consider are (i) defendant's mental capacity; (ii) whether the defendant

signed a written waiver; (iii) whether the defendant was advised in his native tongue or had a translator; (iv) whether the defendant appeared to understand his rights; (v) whether the defendant's rights were individually and repeatedly explained to him; and (vi) whether the defendant had prior experience with the criminal justice system." *United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007).

"In evaluating voluntariness, the 'test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.'" *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir.2002) (quoting *Derrick v. Peterson*, 924 F.2d 813, 817 (9th Cir.1991)).

## RULING OF THE COURT

In this case, the record contains the video showing the actions of the agents and the Defendant throughout the interview and the *Miranda* waiver form signed by the Defendant. This evidence is sufficient to carry the Government's burden to show that the Defendant was informed of his *Miranda* rights and the validity of his waiver. The video shows the Defendant sitting at a desk with the two agents sitting on chairs in the room. The video shows the Defendant signing the *Miranda* waiver form, the agents questioning the Defendant, and the Defendant responding. Defendant has not submitted an affidavit or otherwise designated any facts that would contest the facts set forth by the Government or support his motion to suppress statements on the grounds of a *Miranda* violation. At this stage in the proceedings, the Court will deny the motion to suppress statements with leave to refile in order to set forth "specific facts sufficient to require the granting of the Defendant's motion." *United States v. Batiste*, 868 F.2d 1089, 1093 (9th Cir. 1989). *See also* Local Rule 47.1(b)(4).

IT IS HEREBY ORDERED that the motion to suppress statements filed by Defendant (ECF No. 137-2) is denied without prejudice.

DATED: November 13, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge