UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT COTA, JR.,<br><br>Defendant. | CRIM CASE NO. 11-cr-4153-WQH<br>CIVIL CASE NO. 18-cv-2787-WQH<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion to vacate, correct or set aside sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 filed by Petitioner Robert Cota Jr. (ECF No. 1180).

**BACKGROUND FACTS**

On September 15, 2011, a grand jury returned an indictment charging Petitioner with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. (ECF No. 1). Petitioner was arrested on September 22, 2011 and the Government's motion to detain was granted. (ECF No. 100).

On December 11, 2012, the Court granted Petitioner's request to represent himself. (ECF No. 608).

On March 3, 2014, the Court held a competency hearing. Petitioner was determined to be competent to continue representing himself. (ECF No. 884). Petitioner was assisted at all times by advisory counsel John Kirby. The Court granted a total of eight trial continuances and held multiple discovery hearings to address Petitioner to prepare for trial.

On December 2, 2014, the Court began the jury trial. (ECF No. 1022).

On December 5, 2014, the jury returned a verdict of guilty on the charge of conspiracy to distribute methamphetamine and determined that the actual amount of methamphetamine was 50 grams or more. (ECF No. 1025).

On May 20, 2015, the Court held a sentencing hearing. The Court found that the sentencing guideline range to be 360 months to life. After considering all factors under 18 U.S.C. § 3553 (a), the Court sentenced Petitioner to the applicable mandatory minimum sentence of 240 months in custody followed by 10 years of supervised release. (ECF No. 1107).

On May 28, 2015, Petitioner filed a timely notice of appeal to the Ninth Circuit. (ECF No. 1090). On September 22, 2015, Petitioner was appointed appellate counsel. (ECF No. 1128). On appeal, Petitioner challenged the district court's denial of Petitioner's pre-trial motion to suppress wiretap evidence along with the use of Petitioner's prior felony conviction to enhance his sentence. (ECF No. 1174).

On May 31, 2017, the Ninth Circuit affirmed both the conviction and sentence. (ECF No. 1174). On October 2, 2017, appellate counsel filed a petition for a writ of certiorari with the Supreme Court of the United States. The Supreme Court denied certiorari on December 11, 2017.

On December 10, 2018, Petitioner filed a motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255 on the grounds that constitutional violations which occurred prior to and during trial entitle him to relief; that appellate counsel's conduct constituted ineffective assistance of counsel; and that the Court lacks jurisdiction which entitles him to a dismissal of charges with prejudice, a new trial, or an evidentiary hearing. (ECF No. 1180).

On January 25, 2019, the Government filed a response opposing the three grounds for relief. (ECF No. 1182).

On April 8, 2019, Petitioner filed a reply to the Government's response. (ECF No. 1191).

## CONTENTIONS OF PARTIES

Petitioner moves the Court to vacate, set aside, or correct his sentence on the grounds that he was prejudiced by constitutional violations during pre-trial proceedings and trial, that he was denied effective assistance of appellate counsel, and that the Court does not have jurisdiction over his case. Petitioner contends that he would have prevailed on appeal had appellate counsel raised the following issues: 1) a denial of a trial continuance preventing him from meaningful access to his discovery to prepare his defense, 2) shackling at trial in view of the jury, and 3) cumulative error. Petitioner contends that appellate counsel's failure to raise these claims constituted deficient performance under an objective standard of reasonableness. Petitioner contends that he was prejudiced by appellate counsel's conduct. Petitioner further contends that the Court is not the proper venue to adjudicate his case.

Plaintiff United States contends that Petitioner procedurally defaulted on the constitutional violation claims by failing to raise them on direct appeal. Plaintiff United States contends that Petitioner has not established actual and substantial prejudice sufficient to excuse the procedural default of the claims. Plaintiff United States contends appellate counsel acted within the reasonable professional standards mandated by the Sixth Amendment. Plaintiff contends that the Court has jurisdiction over Petitioner's case.

## APPLICABLE LAW

28 U.S.C. § 2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) and (b).

## RULING OF THE COURT

**1. Constitutional Violations**

A petitioner who challenges his sentence under § 2255 without first raising his claim on direct appeal procedurally defaults the claim. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Where a petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the petitioner can first demonstrate either "cause" and actual "prejudice," or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (holding that defendant procedurally defaulted sufficiency of evidence claim by failing to raise it on direct appeal). Cause is a legitimate excuse for the default; prejudice is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

**a. Pre-Trial (Discovery and Continuance)**

In this case, Petitioner contends the Court abused its discretion in denying a trial continuance to allow Petitioner meaningful access to his discovery to prepare his defense. Plaintiff United States contends that Petitioner had meaningful access to discovery and the Court did not abuse its discretion in denying a ninth trial continuance.

An order denying a continuance will not be reversed without a clear abuse of discretion. The determination whether a denial of a continuance constitutes an abuse of discretion depends on a consideration of the facts of each case. *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), amended, 764 F.2d 675 (9th Cir.1985). To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense. *United States v. Lane*, 765 F.2d 1376, 1379 (9th Cir. 1985).

Petitioner's trial was originally set for October 30, 2012. Petitioner's counsel requested a continuance of the trial on October 19, 2012 and the trial was reset to January 15, 2013. (ECF No. 536). On December 11, 2012, the Court granted Petitioner's request to represent himself and reset the trial to April 16, 2013 to allow Petitioner to prepare his case. (ECF No. 608).

On March 22, 2013, the trial was reset to August 20, 2013 to allow the Petitioner more time to prepare his case. (ECF No. 679). On August 5, 2013, the trial date was vacated. (ECF No. 736). On August 22, 2013, the trial was reset to January 14, 2014 to allow the Petitioner additional time to prepare. (ECF No. 744). The Court addressed all matters necessary for trial preparation, including any discovery issues, in each hearing.

On January 7, 2014, the Court vacated the trial date and ordered a competency evaluation of Petitioner following a series of motions Petitioner filed challenging the jurisdiction of the court. (ECF No. 866 at 3).

On March 3, 2014, Petitioner was found to be competent to continue representing himself and the Court set a trial date for August 19, 2014, accommodating Petitioner's request for 90 days to finish preparing for his trial. (ECF No. 884 at 12).

On July 3, 2014, the trial date was vacated and reset for August 26, 2014. (ECF No. 920). At a status hearing on August 22, 2014, Petitioner stated his expert witness had not yet completed his investigation (ECF No. 959 at 4). Petitioner stated he previously had difficulty accessing the electronic version of his discovery files due to his incarceration. (ECF No. 959 at 7). Petitioner stated he no longer had issues accessing his discovery and would review the phone calls the Government intended to use at trial (ECF No. 959 at 11).

The Court vacated the trial date and reset again for November 12, 2014. (ECF No. 959 at 20).

On August 29, 2014, the Court held a discovery hearing to ensure Petitioner had access to both paper and electronic discovery. (ECF No. 960). Petitioner refused to address the Court on whether Petitioner had adequate access to his electronic discovery. (ECF No. 960 at 4).

On October 17, 2014, the Court held a status hearing regarding Petitioner's access to discovery. (ECF No. 968). Petitioner stated he had access to both his paper discovery and his electronic discovery on a daily basis. (ECF No. 968 at 4). The Government stated the facility where Petitioner was housed had record of the multiple days Petitioner refused to view his electronic discovery. (ECF No. 968 at 6-7).

Petitioner requested a hearing, and on October 30, 2014, he expressed concerns he had not prepared sufficiently for trial. (ECF No. 969 at 5). Petitioner asserted he had only reviewed four of the ten boxes of discovery provided by the Government and that he had not accessed his electronic discovery every day. (ECF No. 969 at 6). In part, Petitioner blamed his advisory counsel for Petitioner's lack of preparation. (ECF No. 969 at 11). The Court told Petitioner to continue to prepare for trial. (ECF No. 969 at 18).

At a hearing on November 10, 2014, the Court reset trial for December 2, 2014 due to the Court's scheduling conflict. (ECF No. 1020).

At a motion in limine hearing on December 1, 2014, Petitioner requested another trial continuance on the basis that he was not properly prepared. (ECF No. 1021 at 21-23). The Court denied a ninth trial continuance and the trial commenced on December 2, 2014. (ECF No. 1021 at 23).

In this case, Petitioner was denied the final trial continuance following two years of pre-trial preparation during which Petitioner had ample opportunity to review discovery to prepare for his case. Petitioner asserted that his difficulty accessing electronic discovery limited his ability to review the phone calls the Government would introduce at trial at a hearing on August 22, 2014. (ECF No. 1021 at 21). Petitioner has not shown any grounds

to support his contention that the Court abused its discretion in denying Petitioner's request for a continuance for the December 2, 2014 trial date. Petitioner had a two-year pretrial period to review his discovery during which his trial was continued eight times. (ECF 986 at 3–4). The Court held multiple hearings to ensure that Petitioner had opportunity to access to his discovery and allowed Petitioner's input to set the trial dates. (ECF Nos. 884 at 11; 959 at 19). The Court confirmed with prison officials the Petitioner's ability to access discovery while detained. (ECF Nos. 959 at 12-15; 969 at 15). Petitioner acknowledged that he had daily access to all his discovery and that he had been preparing to go to trial. (ECF No. 968 at 4; ECF No. 969 at 20).

Defendant has not show that the denial of a trial continuance resulted in any prejudice to his defense. *See Lane*, 765 F.2d at 1379 (holding defendant failed to show actual prejudice when he did not specify which witnesses he would have interviewed, which documents he wanted to examine or which defenses he would have explored had he been granted a longer continuance). The denial of continuance did not result in actual prejudice to Petitioner and does not excuse his procedural default.

### b. Trial (Shackling)

Petitioner contends that his alleged shackling during his jury trial violated his constitutional rights. Plaintiff United States contends there was no constitutional violation and asserts the record conclusively shows that Petitioner was not shackled during the jury trial.

The Fifth and Fourteenth Amendments prohibit the use of physical restraints on a Petitioner visible to a jury without first determining a government interest specific to the trial. *Deck v. Missouri*, 544 U.S. 622, 629 (2007). "A defendant has the right to be free of shackles and handcuff in the presence of the jury, unless shackling is justified by an essential state interest." *Ghent v. Woodford*, 279 1121, 1132 (9th Cir.2002).

In this case, Petitioner makes two references to the record as evidence explicitly indicating he was restrained, December 9, 2013 and July 30, 2014, both of which occurred

during pre-trial proceedings. (ECF Nos. 865 at 3; 1143 at 5). On December 9, 2013, the record indicates the Petitioner was in full restraints during a motion hearing.

> DEFENDANT: Can I have the marshals undue my handcuffs so I can pull some papers out and to write?
> THE COURT: I do notice that he is in full restraints. Since he is representing himself, he can free up his right hand.

(ECF No. 865 at 3).

On May 12, 2014, the record indicates Petitioner failed to comply with the marshals' instructions and resisted leaving the courtroom at the end of his motion hearing. (ECF No. 933 at 6). On July 30, 2014, the record shows that Petitioner was not shackled at the hands during the proceeding.

> THE COURT: . . .you are not shackled at the hands, and I am sure that you would prefer not to be shackled at the hands, and I would prefer you not to be shackled at the hands, so if you comply with the request of the marshals, you won't have to be shackled at the hands.

(ECF No. 1143 at 3). The record reflects Petitioner's purported objection to be a request he be released from pre-trial custody in general. (ECF No. 1143 at 5).

On December 1, 2014, during a motion in limine hearing, the Court discussed with Petitioner whether he intended to offer evidence that he had been in custody pending trial.

> THE COURT: Often defendants don't want the jury to know that they are in custody, because sometimes, you know, they may draw an adverse inference, so generally we work very hard for the jurors to not know that anyone is in custody. We think there should be no distinction between somebody who is on bail and not on bail.

(ECF No. 1021 at 20). The Court further ensured that Petitioner had court-appropriate attire to not represent himself wearing a detainee jumpsuit. The Court explained the trial procedures to the Petitioner and ordered both Government counsel and Petitioner to address the jury while seated at their respective tables. The transcript does not reflect any reference to shackling during trial. On the contrary, the transcript reflects the Court's effort during

trial to prevent the jury from considering the possibility of the Petitioner's pre-trial detention.

On December 4, 2014, (Day 3 of Jury Trial), a witness disclosed during the cross-examination by Government counsel that Petitioner had been incarcerated for three years prior to the trial. (ECF No. 1024 at 411). The Court addressed the statement with Petitioner and Government counsel while jury was absent. (ECF No. 1024 at 439-41). Prior to closing arguments, the Court instructed the jury to disregard the witness's statement regarding Petitioner's pre-trial detention. (ECF No. 1024 at 449-50).

Petitioner submits an affidavit from his brother Roland Cota asserting to having been "at the trial for the whole trial" except during the voir dire process. (ECF No. 1191 at 39). Petitioner's brother Roland Cota was a witness during the trial and had been excluded from the courtroom prior to his testimony. (ECF No. 1024 at 407). Petitioner submits two affidavits purportedly signed by his standby counsel John Kirby. The affidavit dated December 18, 2017, asserts Mr. Kirby told Petitioner "it was [his] understanding that nothing could be done about [Petitioner] being forced to wear shackles/restraints during his trial in the presence of the jury." (ECF No. 1191 at 31).

In this case, the record establishes conclusively not only that Petitioner was not shackled in front of the jury, but that the Court made substantial efforts to prevent the jury from inferring that Petitioner was detained pre-trial. The record does not reflect any instance of shackling during trial and the Court finds that Defendant was not shackled at any time in the presence of the jury. Petitioner's affidavits supporting his claim that he was shackled during trial are not credible and contradicted by the record. The Court finds Petitioner failed to establish he was, in fact, shackled in front of the jury and fails to establish prejudice to excuse his procedural default.

### c. Cumulative Error

Petitioner contends the combined effect of his constitutional violation claims amount to a cumulative error egregious enough to constitute a constitutional violation itself.

Plaintiff United States contends that since none of the constitutional violation claims have merit, no cumulative error exists.

The record does not support Petitioner's claims that the Court abused its discretion in not granting him a continuance which prevented Petitioner from meaningful access to his discovery, and that the Court ordered Petitioner shackled during his trial. Petitioner has failed to demonstrate the existence of any constitutional errors.

As the Third Circuit has aptly stated, "[t]he cumulative effect of each non-error does not rise to constitutional error; as the saying goes, zero plus zero equals zero." *United States v. Powell*, 444 F. App'x 517, 522 (3d Cir. 2011). Even if Petitioner had established the existence of individual errors, when considered alongside the evidence offered against him at trial, such errors are harmless because it is more probable than not that, taken together, such errors did not materially affect the verdict. *See United States v. Fernandez*, 388 F.3d 1199, 1256-57 (9th Cir. 2004), modified, 425 F.3d 1248 (9th Cir. 2005) ("To the extent that we have found that any claimed error . . . was harmless, . . . we conclude that the cumulative effect of such claimed errors is also harmless because it is more probable than not that, taken together, they did not materially affect the verdict."). Because there were no constitutional errors to raise, Petitioner has no grounds for cumulative error.

**2. Ineffective assistance of appellate counsel**

Petitioner contends that he was prejudiced by his appellate counsel's failure to argue the previously-mentioned constitutional violations on direct appeal and contends appellate counsel rendered ineffective assistance. Plaintiff United States contends that since the constitutional violation claims lacked merit, appellate counsel did not fall below an objective standard of reasonableness in failing to raise the claims nor was Petitioner prejudiced by this failure.

To establish a claim of ineffective assistance of counsel, the petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance resulted in prejudice to the petitioner. *Strickland v. Washington,* 466 U.S. 688, 689 (1984). Both deficient performance and prejudice are

required before a conviction or sentence will be found to have resulted from a breakdown in the adversary process which rendered the result of the proceeding unreliable and in violation of the Sixth Amendment. *Id. See also United States v. Thomas,* 417 F.3d 1053, 1056 (9th Cir. 2005) (holding there was no prejudice where defense counsel did not consult and obtain defendant's consent to defense counsel's strategic decision to focus on more defensible and consequential charges).

Claims of ineffective assistance of appellate counsel are evaluated according to the standard set out in *Strickland. Cockett v. Ray,* 333 F.3d 938, 944 (9th Cir. 2003). A petitioner must show that appellate counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, petitioner would have prevailed on appeal. *Id.* Failure to raise an argument not supported by the record does not fall below an objective standard of reasonableness. *See Pollard v. White*, 119 F.3d 1430, 1436-37 (9th Cir. 1997). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (citing *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982)).

In Petitioner's direct appeal, appellate counsel challenged the Court's denial of Petitioner's pre-trial motion to suppress wiretap evidence and the use of Petitioner's prior felony conviction during sentencing. Although ultimately unsuccessful, the Court finds appellate counsel's conduct complied with the standard for objectively reasonable assistance delineated by *Strickland* and reiterated in *Cockett. Cockett,* 333 F.3d at 944. Petitioner has not established that he would have prevailed on appeal had appellate counsel raised his constitutional violation claims. *See Id.* As the Court found above, the claims were unsupported by any law or fact. *See Pollard,* at 1436-37; *see also Shah,* 878 F.2d at 1162.

Petitioner was not prejudiced by the denial of trial continuance and Petitioner was not shackled in the presence of the jury. Appellate counsel was not ineffective nor was

Petitioner prejudiced by appellate counsel's failure to raise these constitutional violation claims.

### 3. Jurisdiction

Petitioner contends to challenge this Court's jurisdiction. Plaintiff United States contends Petitioner's case was adjudicated in the proper venue, an Article III court.

The Court has addressed Petitioner's numerous similar motions and rejected them in turn. (e.g. ECF Nos. 773; 799; 986 at 3). In this case, Petitioner was convicted of committing a federal offense, conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 1). The indictment charges Petitioner with committing an "offense[] against the laws of the United States." 18 U.S.C. §3231. The Court has subject matter jurisdiction over Petitioner's case. *United States v. Cotton,* 535 U.S. 625, 630 (2002). The Court has personal jurisdiction as well as territorial jurisdiction to proceed with this matter. Petitioner's jurisdictional challenge is once again denied.

### 4. Evidentiary Hearing

An individual filing a claim for federal habeas corpus relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "unless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984). This standard requires an evidentiary hearing unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *Id*. A district court judge considering a habeas petition is not required to hold an evidentiary hearing when he can base his decision on the record which includes extensive transcripts of hearings and his own recollections of the proceedings. *Shah*, 878 F.2d at 1160.

The Court has reviewed the record in its entirety and determined an evidentiary hearing is not warranted. Petitioner's allegations are not supported by the extensive trial record and the Court finds Petitioner's submitted affidavits not credible. Petitioner has not established prejudice sufficient to overcome the procedural default of his constitutional violation claims nor establish ineffective assistance of appellate counsel.

**CONCLUSION**

IT IS HEREBY ORDERED the motion to vacate, correct or set aside conviction pursuant to 28 U.S.C. § 2255 filed by Petitioner Robert Cota Jr. is denied. (ECF No. 1180). A certificate of appealability must be obtained in order to pursue an appeal from a final order in a Section 2255 habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists could not find Petitioner's claim that he was entitled to relief under 28 U.S.C. § 2255 to be debatable.

Dated: August 2, 2019

Hon. William Q. Hayes
United States District Court